**COWLES v. UNITED STATES.**

District Court, S. D. New York.
Feb. 7, 1945.

634

Tompkins, Boal & Tompkins, of New York City (Eugene T. McQuade, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is an estate tax case. The facts are not in dispute. The executrix filed a return showing no tax to be due. The Commissioner, on an examination of the return, assessed a tax of $4,171.16, which the taxpayer paid with interest of $340.55. The executrix brings this action to recover the sum of $4,511.71.

In 1937, the decedent and his first wife separated, and entered into a separation agreement in October, 1937. The only relevant provision in this case of the agreement is that the decedent should pay during his life premiums on enough life insurance to give a monthly annuity of $200 to the wife, commencing after the decedent died. By the terms of the agreement, the consideration for the husband's obligation was the surrender, of the wife's right to take one-third of the husband's estate under Section 18, New York Decedents Estate Law, Consol.Laws, c. 13. The agreement also provided that: "In the event that at any time hereafter a final judgment or decree of divorce is rendered, between the Husband and the Wife * * * this Agreement shall remain in full force and effect and the provisions thereof shall be disclosed to the court rendering such final judgment or decree, and may be embodied and incorporated in such judgment or decree". In December, 1937, the decedent's wife obtained a divorce in Reno, Nevada. By the terms of the divorce decree, the separation agreement was approved of and incorporated therein by reference.

The decedent in 1938, procured a so-called "survivorship annuity" insurance policy and upon his death in 1941, the insurance company commenced making payments to the former wife. It is this item of insurance which is the center of controversy in this case.

Under the so-called "survivorship annuity" policy, the beneficiary receives a life income in event of the prior death of the "insured". If the beneficiary dies first the contract is terminated and there is no refund made to the insured. Although termed "annuity" because of the manner in which the benefits are payable, the "survivorship annuity" is really life insurance. Prentice-Hall Insurance and Tax Service (1942) Paragraph 1469.

The first question which I must decide is whether the value of the insurance policy at the date of decedent's death is includible in his gross estate, under Sec. 811, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811.

The Commissioner determined that that policy should be included in the gross estate under Sec. 811(g) and Sec. 811(c), Internal Revenue Code.

Sec. 811(g), Internal Revenue Code, provides that the proceeds of life insurance

should be included in the gross estate "to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life."

■ The proceeds of insurance are receivable by the executor for the purposes of the statute when they are received by a third person to offset an obligation which otherwise would be imposed upon the estate. Treasury Regulations 80 (1937) art. 26. Here the value of the obligation of the decedent upon the separation agreement would have been a charge against the estate but for the fact that there was an offset of equivalent value in the form of the proceeds of the insurance payable to the former wife.

■ The argument of the taxpayer that the policy here was not in effect taken out by the decedent is erroneous on two grounds. First, the premium payments were actually made by the decedent, and second, insurance is considered to be taken out by the decedent if he acquired any legal incident of ownership in the policy. Legal incidents of ownership in the policy include the right of his estate to its economic benefits and the power to cancel the policy. Treasury Regulations 80 (1937) art. 25. Here, the estate in effect received the economic benefits of the policy, and the husband had the power to cancel the policy—there being nothing in the insurace contract to prevent him from so doing.

■■ The court sustains the determination of the Commissioner. The value of the policy was properly included in the gross estate under Sec. 811(g), Internal Revenue Code. I am also constrained to hold with the Commissioner that the policy represented a transfer intended to take effect in possession or enjoyment at or after decedent's death under Sec. 811(c), Internal Revenue Code, and was accordingly properly included in the gross estate.

■ The next question which I must determine is whether the value of decedent's obligation to his former wife should be allowed as a deduction against the gross estate in determining the net taxable estate

under Sec. 812, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 812.

This section permits a deduction for claims against the estate allowed by the laws of the jurisdiction under which the estate is being administered. However, the statute excludes from its operation such claims—when founded upon a promise or agreement the consideration for which is a surrender of marital rights. In this case the consideration stated in the separation agreement for the obligation incurred thereunder by the decedent was the surrender of the wife's right to take under Sec. 18, Decedents Estate Law. Therefore no deduction should be allowed and the determination of the Commissioner should be sustained.

The defendant is entitled to judgment dismissing the complaint with costs.

The following are the court's findings of fact and conclusions of law:

### Findings of Fact.

1. The agreed facts, as set forth in the stipulation of facts dated January 25th, 1945, together with the exhibits annexed thereto, are hereby incorporated and found as facts in this case.

### Conclusions of Law.

1. The survivorship annuity policy issued by the Aetna Life Insurance Company on February 20, 1938 was properly included in the gross estate of William M. Strong, deceased, at a value of $56,792.60, under Sections 811(c) and 811(g), Internal Revenue Code.

2. The plaintiff is not entitled to a deduction from gross estate under Section 812, Internal Revenue Code.

3. The deficiency assessment for Federal Estate Tax against the estate of William M. Strong, deceased, in the sum of $4171.16, together with interest assessed at $340.55, aggregating $4,511.71, was validly and legally made and the payment of said sum by the plaintiff was a proper payment.

4. The defendant is entitled to judgment dismissing the complaint, with costs.